In the United States District Court
for the Middle District of Pennsylvania

| | |
|---|---|
| Michael Sullivan, On behalf of himself and those similarly situated, | Case No. |
| Plaintiff, | Judge |
| v. | |
| Lewisburg Pizza, LLC; Khushminder Bhullar; John Doe Corp. 1-10; John Doe 1-10, | JURY TRIAL DEMANDED |
| Defendants. | |

Class and Collective Action Complaint

1.    Plaintiff, Michael Sullivan, on behalf of himself and all similarly-situated individuals, brings this action against Lewisburg Pizza, LLC; Khushminder Bhullar; John Doe Corp. 1-10; and John Doe 1-10 based on Defendants' willful failure to compensate Plaintiffs and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S. §333.101, 43 Pa.C.S. §333.104(c), and 43 Pa.C.S. § 251.

2.    Defendants operate Domino's pizza restaurants in Pennsylvania.

3.    Defendants repeatedly and willfully violated the Fair Labor Standards Act by failing to adequately reimburse delivery drivers for their delivery-related expenses, thereby failing to pay delivery drivers the legally mandated minimum wage wages for all hours worked.

4.    All delivery drivers at the Defendants' stores, including Plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to wages and reimbursement for out-of-pocket expenses.

5.      Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

6.      Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers in Pennsylvania, pursuant to Fed. R. Civ. P. 23, to remedy violations of Pennsylvania wage and hour law by Defendants.

**I.      Jurisdiction and Venue**

7.      Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

8.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims.

9.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claim herein occurred in this district.

**II.      Parties**

**Plaintiff**

**Michael Sullivan**

10.      At all times relevant, Plaintiff has resided in Effort, Pennsylvania.

11.      Plaintiff was an "employee" of all of the Defendants as defined in the FLSA.

12.      Plaintiff has given written consent to join this action. *Attached hereto as Exhibit "A".*

**Defendants**

13.    To the extent there are additional entities operating the Domino's Pizza restaurants under Bhullar's control, those Defendants have jointly employed Plaintiff and similarly situated delivery drivers at all times relevant.

14.    Defendants' Domino's Pizza restaurants are part of a single integrated enterprise.

15.    At all relevant times, the restaurants shared common management and were centrally controlled and/or owned by Defendants.

16.    At all relevant times, all Defendants maintained control over labor relations at Defendants' stores.

17.    During all relevant times, Defendants permitted employees to transfer, or be shared by and between, the Defendants' stores without retraining.

18.    Defendants have direct or indirect control of the terms and conditions of Plaintiffs' work and the work of similarly situated delivery drivers, and also exercise that authority.

19.    During all relevant times, Defendants also exercised operational control over the delivery drivers at Defendants' stores, including, but not limited to, control over recruiting and training of delivery drivers, compensation of delivery drivers, job duties of delivery drivers, reimbursements to delivery drivers, recruiting and training managers, design and layout of the restaurants, sales and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

**Lewisburg Pizza, LLC**

20.    Defendant Lewisburg Pizza, LLC is a corporation with its principal place of business in 1954 Cabernet Place, Easton, PA 18045.

3

21.     Upon information and belief, Khushminder Bhullar is and has been the owner and operator of Lewisburg Pizza, LLC.

22.     Lewisburg Pizza, LLC is the corporate entity that appears on Plaintiff's paystubs for work completed for Defendants.

23.     Lewisburg Pizza, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

24.     Upon information and belief, Lewisburg Pizza, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, and reimbursement of automobile expenses.

25.     Lewisburg Pizza, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

26.     At all relevant times, Lewisburg Pizza, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

27.     Lewisburg Pizza, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

28.     At all relevant times, Lewisburg Pizza, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

29.     Lewisburg Pizza, LLC's gross revenue exceeds $500,000 per year.

4

**John Doe Corp. 1-10**

30.    Upon information and belief, Defendants own and operate other entities and/or limited liability companies that also qualify as Plaintiff's "employer" under the FLSA and Pennsylvania law.

31.    The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**Khushminder Bhullar**

32.    Upon information and belief, Khushminder Bhullar is the owner and operator of the Lewisburg Pizza stores.

33.    Bhullar is individually liable to the Lewisburg Pizza stores' delivery drivers under the definitions of "employer" set forth in the FLSA because he owns and operates the Lewisburg Pizza stores, serves as a manager of the Lewisburg Pizza stores, controls significant aspects of the Lewisburg Pizza stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

34.    At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had financial control over the operations at each of the Lewisburg Pizza stores.

35.    At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has a role in significant aspects of the Lewisburg Pizza stores' day to day operations.

36.    At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had control over the Lewisburg Pizza stores' pay policies.

37.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had power over personnel and payroll decisions at the Lewisburg Pizza stores, including, but not limited to, influence of delivery driver pay.

38.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to hire, fire and discipline employees, including delivery drivers at the Lewisburg Pizza stores.

39.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to stop any illegal pay practices that harmed delivery drivers at the Lewisburg Pizza stores.

40.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to transfer the assets and liabilities of the Lewisburg Pizza stores.

41.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to declare bankruptcy on behalf of the Lewisburg Pizza stores.

42.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to enter into contracts on behalf of each of the Lewisburg Pizza stores.

43.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar has had the power to close, shut down, and/or sell each of the Lewisburg Pizza stores.

44.     At all relevant times, by virtue of his role as owner and operator of the Lewisburg Pizza stores, Khushminder Bhullar had authority over the overall direction of each of the Lewisburg Pizza stores and was ultimately responsible for their operations.

45.     The Lewisburg Pizza stores function for Khushminder Bhullar's profit.

46.     Khushminder Bhullar has influence over how the Lewisburg Pizza stores can run more profitably and efficiently.

**John Doe Individuals 1-10**

47.     Upon information, there are other Defendants who own an interest and/or have operational control over the Lewisburg stores that also qualify as Plaintiff's "employer" under the FLSA.

48.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

### III.    Facts

### Class-wide Factual Allegations

49.     During all relevant times, Defendants operated Domino's Pizza Stores.

50.     The primary function of the Defendants' stores is to sell pizza and other food items to customers, whether they dine in, carry out, or have their food delivered.

51.     Some or all of Defendants' stores employ delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces.

52.     Plaintiff and the similarly situated employees Plaintiff seeks to represent are current and former delivery drivers employed by Defendants at the Lewisburg Pizza stores.

53.     All delivery drivers employed at the Lewisburg Pizza stores over the last three years have had essentially the same job duties—deliver pizza and other food items to customers.

54.    When there are no deliveries to make, Defendants' delivery drivers are required to work inside the Lewisburg Pizza stores doing related and non-tipped work such as building pizza boxes, cleaning, preparing pizza and other food items, and completing other duties inside the restaurant as necessary.

55.    Upon information and belief, Defendants did not provide Plaintiffs and similarly situated drivers with notice of the tip credit rules as required by 29 U.S.C. § 203(m).

56.    Defendants failed to provide proper notice of the tip credit provisions of the FLSA because they failed to pay the wage rate they promised to pay.

57.    At all relevant times, Plaintiff and similarly situated persons have been paid an hourly wage rate at or close to minimum wage for the hours they worked for Defendants.

58.    Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

59.    Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

60.    Pursuant to such requirements, Plaintiff and other similarly situated employees purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incur cell phone and data charges all for the primary benefit of Defendants.

61.    One or more of the Lewisburg Pizza stores do not reimburse delivery drivers for their actual expenses.

8

62.    In fact, none of the Lewisburg Pizza stores reimburse delivery drivers for their actual expenses.

63.    One or more of the Lewisburg Pizza stores do not reimburse delivery drivers at the IRS standard business mileage rate.

64.    In fact, none of the Lewisburg Pizza stores reimburse delivery drivers at the IRS standard business mileage rate.

65.    One or more of the Lewisburg Pizza stores do not reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

66.    In fact, none of the Lewisburg Pizza stores reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

67.    Delivery drivers at the Lewisburg Pizza stores typically take at least 2-3 deliveries per hour.

68.    Delivery drivers at the Lewisburg Pizza stores typically drive approximately eight miles per delivery.

69.    Until September 2017, delivery drivers at Lewisburg Pizza were reimbursed a flat rate per delivery. For example, Plaintiff was reimbursed at $1.25 per delivery.

70.    Since September 2017, delivery drivers at Lewisburg Pizza have received $.30 per mile as reimbursement.

71.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

a.   2012: 55.5 cents/mile
b.   2013: 56.5 cents/mile
c.   2014: 56 cents/mile
d.   2015: 57.5 cents/mile
e.   2016: 54 cents/mile
f.   2017: 53.5 cents/mile

9

g.  2018: 54.5 cents/mile

72.     As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

73.     At all relevant times, Defendants have applied the same pay policies, practices, and procedures to all delivery drivers at the Lewisburg Pizza stores.

74.      All of Defendants' delivery drivers had similar experiences to that of Plaintiff.

75.     They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle costs.

76.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

77.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

78.     Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of the Lewisburg Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

79.     Defendants have willfully failed to pay minimum wage to Plaintiff and similarly situated delivery drivers at the Lewisburg Pizza stores.

## Plaintiff's Individual Factual Allegations

80.     Plaintiff has worked at the Lewisburg Pizza store located in Pennsylvania from 2015 to present.

81.     Plaintiff worked for Lewisburg Pizza as a delivery driver in Effort, Pennsylvania.

82.     Plaintiff is paid a "tipped" minimum wage, *i.e.*, less than minimum wage, while making deliveries. Specifically, Plaintiff receives $5.50 per hour while making deliveries.

83.     Plaintiff is paid $7.50 per hour for the hours he works inside the store completing various tasks around the store.

84.     Plaintiff delivered pizza and other food items to Defendants' customers' homes and businesses.

85.     When he was not making deliveries, Plaintiff worked inside the restaurant, completing tasks such as checking out carryout customers, cutting pizza, folding pizza boxes, cleaning up around the store, and taking care of other general tasks for the operation of the restaurant.

86.     At all relevant times until September 2017, Plaintiff was reimbursed $1.25 per delivery.

87.     Since September of 2017, Plaintiff has been reimbursed approximately $.30 per mile.

88.     Plaintiff was required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

89.     Plaintiff was required to incur and/or pay job-related expenses, including, but not limited to, automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone service, GPS service, and other equipment necessary for delivery drivers to complete their job duties.

90.     Plaintiff purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, financing, and incur cell phone and data charges all for the primary benefit of Defendants.

91.     Defendants did not track the actual expenses incurred by Plaintiff.

92.     Defendants did not reimburse Plaintiff based on his actual delivery-related expenses.

93.     Plaintiff was not reimbursed at the IRS standard mileage rate for the miles he drove while completing deliveries.

94.     During Plaintiff's employment with Defendants, Defendants failed to adequately reimburse Plaintiff for automobile and other job-related expenses.

95.     Plaintiff regularly makes two to three deliveries per hour during the hours he worked as a delivery driver.

96.     Plaintiff regularly drove about 8 miles per delivery.

97.     Thus, prior to September 2017, Defendants' average reimbursement rate for Plaintiff was approximately $.16 per mile ($1.25 per delivery/8 average miles per delivery).

98.     In 2017, for example, the IRS business mileage reimbursement has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job

decreased his net wages by approximately $.375 ($.535 - $.16) per mile. Considering his low estimate of about 8 average miles per delivery, Defendants under-reimbursed him about $3.00 per delivery ($.375 x 8 miles).

99.    Thus, while making deliveries (assuming 2.5 deliveries per hour), Plaintiff consistently "kicked back" to Defendants approximately $7.50 per hour ($3.00 per delivery x 2.5 deliveries per hour).

100.    As a result of unreimbursed automobile expenses and other job-related expenses, Defendants have failed to pay Plaintiff minimum wage as required by law.

### Collective Action Allegations

101.    Plaintiff brings the First and Second Counts on behalf of himself and all similarly situated current and former delivery drivers employed at Defendants' stores owned, operated, and controlled by Defendants, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

102.    At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

103.    Defendants' unlawful conduct is pursuant to a corporate policy or practice.

104.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and time and a half overtime wages for hours worked in excess of 40 per week.

105.    Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

106.    Defendants are aware or should have been aware that 29 U.S.C. § 203(m) requires them to provide delivery drivers with notice of the tip credit provision of the FLSA.

107.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

108.    The FLSA Collective members are readily identifiable and ascertainable.

109.    For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from Defendants' records.

110.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**Class Action Allegations under Pennsylvania Law**

111.    Plaintiff brings the Third, Fourth, and Fifth Counts under the Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Lewisburg Pizza stores in the State of Pennsylvania from the date three years prior to the filing of the complaint to the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

112.    Excluded from the Pennsylvania Rule 23 are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

14

the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 class.

113.    The number and identity of the Pennsylvania Rule 23 class members are ascertainable from Defendants' records.

114.    The hours assigned and worked, the positions held, and the rates of pay and reimbursement for each Pennsylvania Rule 23 Class Member are determinable from Defendants' records.

115.    For the purposes of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

116.    Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

117.    The Pennsylvania Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

118.    There are more than 50 Pennsylvania Rule 23 Class members.

119.    Plaintiff's claims are typical of those claims which could be alleged by any Pennsylvania Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Pennsylvania Rule 23 Class member in separate actions.

120.    Plaintiff and the Pennsylvania Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to reimburse for expenses.

121.    Plaintiff and the Pennsylvania Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with PMWA 43 Pa.C.S. §333.101 and PMWA 43 Pa.C.S. § 333.104(c), and 43 Pa.C.S. § 260.3.

122.    Plaintiff and the Pennsylvania Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Pennsylvania Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Pennsylvania Rule 23 Class members.

123.    Plaintiff and the Pennsylvania Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

124.    By seeking to represent the interests of the Pennsylvania Rule 23 Class members, Plaintiff is exercising and intending to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

125.    Plaintiff is able to fairly and adequately protect the interests of the Pennsylvania Rule 23 Class and has no interests antagonistic to the Pennsylvania Rule 23 Class.

126.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

127.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that

numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Pennsylvania Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Pennsylvania Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.

128.    Upon information and belief, Defendants and other employers throughout the state violate the Pennsylvania wage and hour law. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

129.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

130.    Common questions of law and fact exist as to the Rule 23 Class that predominates over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendants paid Plaintiff and the Pennsylvania Rule 23 Class members at the proper minimum wage rate for all hours worked;

b. Whether Defendants required Plaintiff and the Pennsylvania Rule 23 Class members to drive their own cars for work;

c. Whether Defendants failed to reimburse automobile expenses, gasoline expenses, and other job-related expenses, as described herein, causing Plaintiff and the Rule

23 Class members' wages to drop below legally allowable minimum wage and overtime;

d.   Whether Defendants reimbursed Plaintiff and the Pennsylvania Rule 23 Class members at the IRS standard business mileage rate for the miles they drove completing deliveries for Defendants;

e.   Whether Defendants recorded Plaintiff and the Pennsylvania Rule 23 Class members' actual expenses;

f.   Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

g.   Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by 43 P.S. § 260.3;

h.   Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

i.   The nature and extent of class-wide injury and the measure of damages for those injuries.

131.   In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

**IV.    Causes of Action**

<u>**Count 1**</u>
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

132.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

133.   Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

18

134.    Defendants paid Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

135.    Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

136.    Upon information and belief, Defendants did not provide Plaintiff with notice of the tip credit rules as required by 29 U.S.C. § 203(m).

137.    Defendants impermissibly took a tip credit from the wages of Plaintiff and the FLSA Collective.

138.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

139.    Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

140.    As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## Count 2
### Failure to Pay Overtime Wages—Fair Labor Standards Act
### (On Behalf of Plaintiffs and the FLSA Collective)

141.    Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

142.    Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

143.    Because Defendants required Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, Defendants did not pay Plaintiff and the FLSA collective at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

144.    By not paying Plaintiff and the FLSA collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

145.    As a result of Defendants' willful violations, Plaintiff and the FLSA collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorney's fees.

**Count 3**
**Failure to Pay Minimum Wages—43 Pa.C.S. §333.101, *et seq*.**
**(On Behalf of Plaintiff and the Pennsylvania Rule 23 Class)**

146.    Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

147.    At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class as defined by the PMWA and supporting regulations.

148.    Defendants were required to pay Plaintiff and the Rule 23 Class minimum wage as required by 43 Pa.C.S. §333.104.

149.    Defendants failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they were entitled under the PMWA.

150.    Due to Defendants' violations of the PMWA, Plaintiff and the Rule 23 Class are entitled to recover unpaid wages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest for the three years preceding the filing of this complaint.

## Count 4
### Failure to Pay Overtime Wages—43 Pa.C.S. §331.104(c)
### (On Behalf of Plaintiff and the Pennsylvania Rule 23 Class)

151.    Plaintiff restates and incorporates by reference all allegations in all preceding paragraphs.

152.    At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class as defined by the PMWA and supporting regulations.

153.    Defendants were required to pay Plaintiff and the Rule 23 Class overtime as required by 43 Pa.C.S. §333.104(c) and the supporting regulations.

154.    Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the PMWA.

155.    Due to Defendants' violations of the PMWA, Plaintiff and the Rule 23 Class are entitled to recover unpaid wages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest for the three years preceding the filing of this complaint.

## Count 5
### Violation of Pennsylvania Wage Payment and Collection Law—43 Pa.C.S. §260.3
### (On Behalf of Plaintiff and the Pennsylvania Rule 23 Class)

156.    Plaintiff restates and incorporates by reference all allegations in the preceding paragraphs.

157.    At all times relevant, Plaintiff and the Pennsylvania Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Pennsylvania Rule 23 Class as defined by the PWPCL and supporting regulations.

158.    Defendants failed to pay all wages due to Plaintiff and the Pennsylvania Rule 23 Class on their regular payday as required by PWPCL.

159.    Defendants were required to pay Plaintiff and the Pennsylvania Rule 23 Class the first payment of their earnings between the first and fifteenth day of each month and the second payment between the fifteenth and last day of each month as required by 43 Pa.C.S. §260.3.

160.    Defendants failed to pay Plaintiff and the Rule 23 Class in the timeframe required by 43 Pa.C.S. §260.3.

161.    Due to Defendants' violations of the 43 Pa.C.S. §260.3, Plaintiff and the Rule 23 Class are entitled to recover unpaid wages, liquidated damages, reasonable attorney's fees, costs, and pre-judgment and post-judgment interest for the three years preceding the filing of this complaint.

**WHEREFORE**, Plaintiff prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.    Unpaid minimum wages, overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under Pennsylvania state law.

D.    Designation of Plaintiff as a representative of the Pennsylvania Rule 23 Class and counsel of record as Class Counsel.

E.    Declaratory judgment that the practices complained of herein are unlawful under the PMWA and 43 Pa.C.S. §260.3.

F.      An award of unpaid minimum wages, overtime wages, unreimbursed expenses, and liquidated damages due under the PMWA and 43 Pa.C.S. §260.3.

G.      Declaratory judgment that the practices complained of herein are unlawful under PMWA and 43 Pa.C.S. §260.3.

H.      An award of prejudgment and post-judgment interest.

I.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

J.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

**SCHEMERY ZICOLLO, PC**

/s Amy R. Boring
Amy R. Boring, Esquire
ID #208461
amy@sz-law.com
Michael J. Zicolello, Esquire
ID #65522
mike@sz-law.com
333 Market Street
Williamsport, PA  17701
(570) 321-7554
Andrew Biller, Esquire
abiller@msdlegal.com
        (pro hac vice application forthcoming)
Andrew Kimble, Esquire
akimble@msdlegal.com
        (pro hac vice application forthcoming)
Philip Krzeski, Esquire
pkrzeski@msdlegal.com
        (pro hac vice application forthcoming)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
513-651-3700 (Phone)
513-665-0219 (Fax)
Counsel for Plaintiffs and the putative class

23

DocuSign Envelope ID: 598B0B6C-E05D-45ED-A8FB-253E651413AC

## Consent to Join FLSA Action

I hereby consent to joining a civil action in the United States District Court against Lewisburg Pizza, LLC and related entities and individuals to recover unpaid compensation, additional damages, and costs under the Fair Labor Standards Act and state law, and be represented by Markovits, Stock & DeMarco LLC (the "Firm") for purposes of bringing such action.

If I am not a named plaintiff myself, then I authorize the named plaintiff(s) to file and prosecute the above referenced matter in my name and on my behalf, and designate the named plaintiff(s) to make decisions on my behalf concerning the litigation, including negotiation a resolution of my claims, and I understand that I will be bound by such decisions. In the event this action gets conditionally certified and then decertified, I authorize plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendants.

6/28/2018 11:27:56 AM PDT

_____          DocuSigned by:

Date                              *Michael Sullivan*
                                  ───────────────────────
                                  9B95A268FC67460

                                  Signature


                                  Michael Sullivan
                                  ───────────────────────
                                  Name (Printed)

DocuSign Envelope ID: 51ECB90B-C560-41AE-A293-EA2E7520F79E

### Consent to Join FLSA Action

I hereby consent to joining a civil action in the United States District Court against Lewisburg Pizza, LLC and related entities and individuals to recover unpaid compensation, additional damages, and costs under the Fair Labor Standards Act and state law, and be represented by Markovits, Stock & DeMarco LLC (the "Firm") for purposes of bringing such action.

If I am not a named plaintiff myself, then I authorize the named plaintiff(s) to file and prosecute the above referenced matter in my name and on my behalf, and designate the named plaintiff(s) to make decisions on my behalf concerning the litigation, including negotiation a resolution of my claims, and I understand that I will be bound by such decisions. In the event this action gets conditionally certified and then decertified, I authorize plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendants.

7/12/2018 9:05:05 AM PDT
_____
Date

DocuSigned by:

_____
Signature

Austin Peddigree
_____
Name (Printed)