IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Sullivan,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Lewisburg Pizza, LLC, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-1455-RDM<br><br>(Judge Robert D. Mariani) |

## ORDER GRANTING FINAL SETTLEMENT APPROVAL

The Court, having reviewed Plaintiff's Unopposed Motion for Final Settlement Approval of a Class and Collective Action Settlement, and having held a hearing on February 18, 2021, for consideration of the parties' Settlement Agreement, hereby ORDERS:

1. The Motion for Final Approval of Class and Collective Action Settlement, including the Settlement Agreement attached thereto as Exhibit 1, is hereby GRANTED.

2. Under R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

> All current and former delivery drivers employed from July 23, 2015, until September 25, 2019, at the Domino's stores owned, and/or controlled by Defendants. These individuals are collectively referred to as "the Class" and individually as "Class Members."[1]

3. The Proposed Class is also certified, for settlement purposes, as a collective action under the Fair Labor Standards Act.

---

[1] Defendants' Domino's Pizza stores are defined in the settlement agreement and include 22 locations.

1

4. For the purposes of approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. For purposes of approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6. The proposed settlement falls within the "range of reasonableness" and therefore the Court grants final approval of the settlement. At the hearing held in this matter, the court focused on nine factors. *See, e.g., Sakalas v. Wilkes Barre Hosp., Co.*, No. 3:11-cv-546, 2014 WL 1871919, at *2 (M.D. Pa. May 8, 2014). These factors include:

   1. the likely complexity, length, and expense of continued litigation;
   2. the class's reaction to the settlement;
   3. the stage of the proceedings and amount of discovery completed;
   4. the risks of establishing liability;
   5. the risks of establishing damages;
   6. the risks of maintaining the class action through trial;
   7. the defendants' ability to withstand a greater judgment;
   8. the range of reasonableness of the settlement fund in light of the best possible recovery;

2

        9. the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation

*Id.*

7. Based on a review of the papers submitted by the parties and the oral representations by the parties' counsel at the February 18, 2021 hearing, the Court finds that the Settlement satisfies each factor. The Court also finds this settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8. The Court notes that no Class Member objected to this Settlement Agreement, which indicates that the Settlement Class Members have reacted positively to the settlement.

9. The Notice of Settlement and procedure set forth in the Settlement Agreement for providing notice to the Class provided the best notice practicable, satisfied the notice requirements of Rule 23(e), adequately advised the Proposed Class of their rights under the settlement, and, therefore, met the requirements of due process and is approved.

10. The proposed plan mailing and emailing the Notice of Settlement by first class mail and email to the Proposed Class members' last known addresses was an appropriate method.

11. The Notice of Settlement fairly, plainly, accurately, and reasonably informed the Class of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's applications for the class representative's incentive award and the Class Counsel's attorneys' fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class member's right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if

a Proposed Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

12. Plaintiff is designated as class representative and the proposed service award is approved and reasonable. The incentive award is in line with identical amounts in similar pizza delivery driver cases. *See, e.g., Arledge v. Domino's Pizza*, No. 3:16-cv-386, 2018 WL 5023950, at *6 (S.D. Ohio Oct. 17, 2018); *Mullins v. Southern Ohio Pizza*, No. 1:17-cv-146, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019).

13. The attorney's fees and costs requested are reasonable and are therefore approved. *See Martin v. Foster Wheeler Energy Corp.*, No. 3:06-cv-0878, 2008 WL 906472, at *5 (M.D. Pa. 2008); *In re Ravisent Tech, Inc. Sec. Litig.*, No. Civ. 00-CV-1014, 2005 WL906361, at *11 (E.D. Pa. Apr. 18, 2005) (awarding one-third of recovery of $3.3 million settlement fund, plus expenses); *In re Corel Corp. Sec. Litig.*, 293 F.Supp.2d 484, 495-98 (E.D. Pa. 2003) (awarding one-third of $7 million settlement fund, plus expenses); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376 (S.D. Ohio Nov. 25, 2019) (discussing, in a similar pizza delivery driver case, that a one-third award as customary in wage and hour cases).

14. The Parties are ordered to carry out the settlement according to its terms, including the payment by Defendants of the Settlement Amount of $1,200,000.00 in the manner provided for in the Settlement Agreement.

IT IS SO ORDERED, this 19th day of February 2021.

*[signature]*
Robert D. Mariani, United States District Judge